IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-88-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| 2,091.712 Acres of Land, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Quash or Modify Subpoena. Defendants move to quash a subpoena duces tecum demanding prior appraisal information from Defendants' expert appraiser. For the reasons set forth herein, the Motion to Quash is GRANTED in part and DENIED in part. The subpoena shall not be quashed but shall be modified.

The case is an eminent domain action taking a restrictive easement over two parcels of property adjacent to Marine Corps Air Station Cherry Point. It is conceded that both parcels of land at issue are significant affected by the operation of the Air Station. The only issue for trial is the amount of just compensation due for the taking. *United States v. Reynolds*, 397 U.S. 14, 20 (1970). The parties have exchanged expert appraisal reports that measure the fair market value of the property before taking. Defendants supplied appraisal reports prepared by Charles Moody. Mr. Moody cited his firm's prior appraisals of comparable properties as a basis for his appraisal.

The Government served a subpoena duces tecum seeking the production of certain

documents by Mr. Moody. The contested documents are appraisal reports (1) for any property that was used as a comparable sale in this case; (2) pertaining to properties within 2 miles of a military, public, or private airport; and (3) prepared after 2006 pertaining to properties that are similar to the subject property. Defendants have moved to quash this subpoena on the grounds that (1) the subpoena seeks records of confidential information which is the property of landowners not parties to this lawsuit and which Moody is prohibited from releasing pursuant to the Ethics Rules of the Uniform Standards of Professional Appraisal Practice ("USPAP"); and (2) the request is vague and overly broad.

Rule 26(b)(1) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents..." Rule 45(c)(3) provides that a court must quash or modify a subpoena that "...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The appraisal reports at issue plainly fall within the ambit of Rule 26. The sales actually used as comparable sales are plainly relevant to the valuation question in this case. And the appraisals of similar properties would also prove relevant if those sales were not used as comparable sales.

The documents sought by the Government are not privilege or protected. The law does not afford an evidentiary privilege to professional appraisers. Moreover, the USPAP rules themselves explicitly contemplate the production of such documents to "third parties as may be authorized by due process of law." Defendants cite *United States v. 25.02 Acres of Land*, 495 F.2d 1398 (10th Cir. 1974) for the proposition that quashing a subpoena is required to protect the owners of the appraiser's clients. But in that case, the trial judge quashed a subpoena and the 10th

Circuit affirmed in part on the grounds that negotiations between similarly situated landowners and the government were ongoing and thus the appraiser's clients would be prejudiced by production. No such possibility of prejudice has been identified in the instant case. Therefore, this Court concludes that the subpoena duces tecum does not run afoul of Rule 45(c)(3)(iii)'s prohibition on the subpoena of privileged or protected matters.

The subpoena shall be modified so as not to subject Mr. Moody to an undue burden. In his deposition Mr. Moody testified that it would take him about one and one half hours to locate all of the documents requested by the government. However, because Mr. Moody was unsure how to define "similar properties" and that term is indeed vague, the subpoena shall be modified such that "similar properties" in Schedule A Paragraph 27 shall be defined as "large acreage properties in agricultural or silvicultural use at the time of valuation that have development potential." Charles Moody is directed to comply with the subpoena as modified.

SO ORDERED, this 20 day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE