IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:09-CV-88-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) 2, 091.712 ACRES OF LAND, MORE OR ) LESS, IN TOWNSHIPS 5 AND 6, ) COUNTY OF CRAVEN, STATE OF ) NORTH CAROLINA; WEYERHAUSER ) COMPANY, INC., ) ) Defendants. ) ) | O R D E R |

This matter comes before the Court on expert witness Charles J. Moody III's Motion to Enforce Compliance With Stipulated Protective Order [DE 57] and Plaintiff's Response in Opposition [DE 58]. For the reasons stated below, Mr. Moody's Motion to Enforce Compliance is DENIED.

On October 6, 2010, Plaintiff and Defendants signed a Stipulated Protective Order, agreeing in part that "upon conclusion of the litigation, " all individuals possessing Confidential Information would either return the documents to the individual who provided them or destroy the documents and certify in writing that the documents had been destroyed [DE 39 at 4]. The parties agreed that either action would be taken no later than thirty days after conclusion of the litigation [DE 39 at 4]. In its Response in Opposition [DE 58], the United States certified that as of June 30, 2011, "all physical and electronic copies of all confidential information supplied by Mr. Moody have been destroyed." Further, the United States asserts (and represents that

Defendant's counsel agrees) that the parties intended for the litigation to be deemed "concluded" for purposes of the Stipulated Protective Order upon deposit, by the United States, of any additional funds necessitated by the final judgment [DE 58 at 2]. Those funds were deposited on June 16, 2011 [DE 56]. The intent of the parties appears to have been that the thirty day period for giving the relevant notice would expire on July 17, 2011, meaning that they considered a June 30, 2011 certification notice timely under their Stipulated Protective Order.

Mr. Moody's Motion also seeks to have United States Attorney Vollenweider held in contempt. However, a finding of contempt is without foundation here. In *Colonial Williamsburg Foundation*, the Fourth Circuit noted that a finding of contempt is appropriate only when an individual (1) knew of a consent judgment, (2) that judgment was in the movant's favor, (3) the violations caused the movant harm, and (4) the individual violated the terms of the decree and had at least constructive knowledge of such violations. *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 136 (4th Cir. 1994). In the absence of any allegation of harm to Mr. Moody, and given that the United States has certified that the documents have now been destroyed within the time period intended by the parties, no grounds exist for holding United States Attorney Vollenweider in contempt. Therefore, the motion is denied.

## CONCLUSION

Mr. Moody's Motion to Enforce Compliance is DENIED.

SO ORDERED, this __23__ day of August, 2011.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE